# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM B. O'CONNELL, JR.,

       Plaintiff,

vs.                                                                          CIVIL NO. 97-274 LH/LFG

DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider Pursuant to Rule 60 (Docket No. 50), filed October 20, 1997.  The Court, having considered the pleadings submitted by the parties, the relevant law, and otherwise being fully advised, finds the Plaintiff's Motion is not well taken and should be **denied**.

Plaintiff moves this Court to reconsider its Memorandum and Order of Dismissal entered September 16, 1997.  In his motion, the Plaintiff refers to Rule 60 of the Federal Rules of Civil Procedure as grounds to reopen.  Rule 60(b) provides relief for a party for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void;  (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The Plaintiff has failed to demonstrate any basis for Rule 60(b) relief.  In fact, aside from citing to Rule 60 in the title of the Motion to Reconsider, the Plaintiff neglects to refer to

the rule at all.  The Plaintiff's brief in support of his motion simply revisits the same issues already addressed by the Court in its Memorandum and Order dismissing this action.  A Motion to Reconsider should not be used to revisit issues or to advance new arguments or supporting facts.

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking. Co*, 909 F.2d 1437, 1440 (10th Cir. 1990).  A party shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief.  *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).  The Plaintiff's motion does not recite any of the exceptional circumstances nor does a reading of the record disclose any. In his motion, the Plaintiff reiterates the original issues raised in his complaint and argues that the Court misunderstood his present position and did not rule on his latest complaint seeking declaratory judgment.  Such arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b).  *Id.* at 1244, citing Fed. R. Civ. P. 59(e)(motion to alter or amend a judgment).[1]

Moreover, Plaintiff's argument is wholly without merit.  The Plaintiff's assertions to the

---

[1] The Court notes that this is not the only procedural defect in Plaintiff's motion.  Plaintiff violated D.N.M.LR-Civ. 7.3(b)(2) in that no pre-filing determination was made whether the motion was opposed. There is no indication that prior to service of the motion, Plaintiff sought to resolve his dispute with opposing parties as required.  Furthermore, Plaintiff violated D.N.M.LR-Civ. 7.7, as the combined length of his motion and supporting brief exceeded the maximum page limit authorized by that rule.

While at first blush these appear to be minor, technical violations, they come on the heels of Plaintiff's prior failures to comply with the Court's rules of practice and procedure. (*See* Order Denying Request for Sanctions, filed contemporaneously with this Memorandum Opinion and Order.)  The District's rules are intended to provide for the efficient economical and expeditious disposition of cases.  The Plaintiff's failure to comply with the District's practice rules makes the litigation process less efficient, more expensive, and more time consuming.  While cases should generally be heard on the merits, *Amico v. New Castle County*, 654 F.Supp. 982, 984 (D. Del. 1987), when a party continues to violate the rules of practice and procedure that are intended to regulate the practice of law, the Court is privileged to simply deny the litigant's request due to noncompliance with the rules.  Here, Plaintiff's violations are a frequent occurrence.  The Court will, nonetheless, address the merits of the Plaintiff's motion.

contrary notwithstanding, the Court considered and dismissed the Plaintiff's latest complaint seeking declaratory judgment, not an earlier version.  Whether the Plaintiff is seeking an injunction against a state court, or a declaration that actions taken by state courts are unconstitutional, he is still seeking a review of a state court adjudication.  "A United States District Court has *no authority* to review final judgments of a state court in judicial proceedings.  Such review resides *exclusively* in the United States Supreme Court." *Rozatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th cir. 1984), *cert. denied*, 471 U.S. 1016 (1985)(citing 28 U.S.C. §1257)(emphasis added).  "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's, then the District Court is in essence being called upon to review the state court decision." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n. 16 (1983). Such is the case here.

The Court has a duty to *sua sponte* dismiss actions for lack of jurisdiction if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court's authority to *sua sponte* review an action does not depend on the *pro se* status of the plaintiff.  "Mindful that *pro se* actions are held to a less stringent standard of review and that *sua sponte* dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed under §1915(d) 'if the plaintiff cannot make a rational argument on the law and facts in support of [his] claim.'" *Whitney v. State of New Mexico*, 113 F.3d 1170, 1172 (1997)(citing *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir.1987)(quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir.1986)).  Thus, even if the Court had used a "*pro se*" standard to dismiss–which it did not–such a standard would be a *less* stringent standard than that reserved for represented parties.  The Court has concluded that the Plaintiff "cannot make a rational argument on the law and facts in support of [his] claim." *Id.*

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider Pursuant to Rule 60 (Docket No. 50) , filed October 20, 1997, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**